**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **v.** | § § | **SA-03-CR-547-XR** |
| **SYLVESTER BYRD** | § § § | |

**ORDER**

On this day came on to be considered Defendant's Motion to Reduce Sentence (dkt. no. 61).

**BACKGROUND**

On November 5, 2003, a four-count indictment was brought against Sylvester Byrd charging him with the following: (1) attempt to manufacture 50 grams or more of cocaine base, (2) possession with intent to distribute 50 grams or more of cocaine base, (3) possession of firearms in furtherance of drug trafficking crimes, and (4) felon in possession of a firearm. On March 11, 2004, Byrd pled guilty to counts two and three of the Indictment.

In his Presentence report (PSR), the base offense level was calculated as 34. This was based on 330 grams of cocaine base and 510 grams of cocaine. After receiving three acceptance of responsibility points, his total offense level was 31.

Defendant's history level was initially calculated at V, but he was found to be a career criminal, which resulted in his criminal history being scored at VI and his total offense level thereafter being increased to 37. His adjusted offense level after acceptance of responsibility credit was 34. Accordingly, his guideline range for the drug offense was 262 to 327 months.

Byrd was sentenced to 262 months imprisonment for violation of 21 U.S.C. Section 841 (possession with intent to distribute 50 grams or more of cocaine base) and 60 months pursuant to the mandatory provisions of 18 U.S.C. § 924(c)(l), which requires that conviction to run consecutively to the term of imprisonment imposed in count two. Accordingly, the total sentence was 322 months.

Defendant now moves for a reduction of his sentence pursuant to the First Step Act. Defendant argues that under the First Step Act, the "new" bottom of his guideline range is 188 months and seeks an amended judgment to that effect. Defendant does not address his consecutive 60-month firearm sentence.

The Government opposes arguing Byrd does not qualify for relief under the First Step Act because of the amount of drugs he was responsible for as calculated in the PSR. Section 404 of the Fair Sentencing Act provides that 280 grams of cocaine base (it was previously 50 grams or less) or less now meets the threshold under 21 U.S.C. § 841(b)(1)(B), which carries penalties of 5 to 40 years. However, in this case, the defendant was responsible for 380 grams of cocaine base which continues to fall under the 21 U.S.C. §841(b)(1)(A)- 10 year to life penalties.

**Analysis**

The vast majority of cases to address this issue agree that a defendant whose actual conduct involved distribution of 280 grams or more of cocaine base is still eligible for relief. This Court follows suit. See e.g. *United States v. Simons*, 375 F. Supp. 3d 379, 387 (E.D.N.Y. 2019) (rejecting the argument advanced by the Government of ineligibility); *United States v. Henderson*, 399 F. Supp. 3d 648, 655 (W.D. La. 2019); *United States v. Allen*, 384 F. Supp. 3d 238, 241 (D. Conn. 2019)(statute of conviction, not actual conduct, controls eligibility); *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); *United*

*States v. White*, No. 99-CR-628-04, 2019 WL 3228335, at *5 (S.D. Tex. July 17, 2019) ("This court follows the majority of district courts to conclude that § 404(a) of the First Step Act bases eligibility on what is charged in the indictment, not on the defendant's offense conduct."); *United States v. Lewis*, 398 F. Supp. 3d 945 (D.N.M. 2019)(same); *United States v. Ballinger*, No. 2:09-CR-105, 2019 WL 3292156, at *3 (E.D. Tenn. July 22, 2019)(noting "outliers").

Accordingly, the Court turns to whether this discretionary relief should be granted.

"The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act. The district court's action is better understood as imposing, not modifying, a sentence, because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), cert. denied, 140 S. Ct. 285 (2019).

Under the amended guideline range, Defendant remains at a criminal history category VI. His new total offense level is 31. His guideline range is 188 to 235 months with regard to count 2. The guidelines recommend 5 years of supervised release after imprisonment. With regard to count 3, there remains a mandatory minimum sentence of 60 months that must run consecutive to Count 2 in accordance with 924(c)(1)(A)(i).

The Court finds that Defendant is entitled to relief under the First Step Act and sentences Defendant to a total of 248 months (188 plus 60). Thereafter, he shall serve a period of supervised release for five years on count 2 and three years on count 3, to run concurrently. An amended judgment will follow.

SIGNED this 3rd day of December, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE